**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SEARS AUTHORIZED HOMETOWN STORES, LLC, | ) ) | |
| | ) | Case No. 19-cv-3403 |
| Plaintiff, | ) ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) ) | |
| NATIONWIDE MARKETING GROUP, LLC, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sears Authorized Hometown Stores, LLC's ("Sears") brought this action against defendant Nationwide Marketing Group LLC's ("Nationwide") for violations of the Computer Fraud and Abuse Act ("CFAA) and the Defend Trade Secrets Act ("DTSA"), as well as state law claims. 28 U.S.C. §§ 1331, 1367(a). Nationwide has moved to dismiss Sears' complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). For the reasons stated below, the Court grants Nationwide's Rule 12(b)(2) motion and dismisses this lawsuit in its entirety.

**Background**

Sears is a national retailer of home appliances headquartered in Hoffman Estates, Illinois. It has a network of stores operated by licensed dealers, who enter into dealership agreements with Sears. Nationwide is a group of independent appliance retailers and is one of Sears' competitors. At some point in 2019, Nationwide hired Sears' former employee John Hanlon, who was a District Sales Manager for Sears. Around the time Sears terminated Hanlon's employment in early February 2019, Hanlon had downloaded numerous Sears files containing confidential information, trade secrets, and personal information of Sears' dealers. The day after he left Sears, Hanlon emailed confidential information to a Nationwide employee. According to Sears, Hanlon and Nationwide

have utilized this confidential information to induce Sears' dealers to breach their dealer agreements and join Nationwide's network.

## Legal Standard

A motion to dismiss under Rule 12(b)(2) tests whether the federal court has personal jurisdiction over a defendant to adjudicate claims against him. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 704 (7th Cir. 2019). Because the CFAA and DTSA do not have nationwide service of process conferring jurisdiction over Nationwide, Sears must establish personal jurisdiction under state law. *See Ariel Inv., LLC v. Ariel Capital Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018); Fed. R. Civ. P. 4(k)(1)(A). "The Illinois long-arm statute requires nothing more than the standard for federal due process." *John Crane, Inc. v. Shein Law Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018). "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Walden v. Fiore*, 571 U.S. 277, 284, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014). Although the plaintiff bears "the burden of establishing personal jurisdiction," "[w]hen the district court bases its determination solely on written materials and not an evidentiary hearing, plaintiffs must only make a *prima facie* showing of personal jurisdiction over the defendants to survive their motion to dismiss." *Matlin*, 921 F.3d at 705. When considering a Rule 12(b)(2) motion, courts accept well-pleaded facts as true. *Id.* In addition, a plaintiff's affidavit "asserting personal jurisdiction is presumed true only until it is disputed" and once it is disputed, plaintiff "must prove what it has alleged." *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163-64 (7th Cir. 2015).

## Discussion

Under the due process clause, courts recognize both general and specific personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 128, 134 S.Ct. 746, 187 L.Ed. 2d 624 (2014). The parties agree that the Court does not have general personal jurisdiction, therefore, the Court turns to

whether it has specific personal jurisdiction to adjudicate Sears' claims against Nationwide. "Specific jurisdiction requires a defendant's contacts with the forum State to be directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). Under this standard, Sears must demonstrate that Nationwide's contacts with Illinois are related to its injury. *John Crane*, 891 F.3d at 695. "[T]he plaintiff cannot be the only link between the defendant and the forum," because "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285.

Sears relies on Nationwide employee Ron Beck's contacts with Illinois to establish personal jurisdiction. Beck visited numerous dealers in Illinois and solicited them to terminate their dealer agreements with Sears and join the Nationwide network. There are no allegations, however, that Beck's Illinois visit resulted in Sears' dealers joining Nationwide's network. Indeed, Nationwide submitted the declaration of its Chief Financial Officer Keith Bagby in support of its Rule 12(b)(2) motion in which he averred, "[i]n 2019, no then-current or former Illinois dealer for Sears Authorized Hometown Stores, LLC joined the Nationwide network or became a Nationwide member." (R. 19-2, 7/18/19 Decl. ¶ 7.) Sears did not refute Bagby's averments in its own declaration in response to Nationwide's Rule 12(b)(2) motion, but instead vaguely alleges in its complaint that Nationwide induced nine Sears dealers to breach their dealership agreements— without identifying who these dealers are or where they are located.

As to Hanlon's contacts with Illinois, it is undisputed that Hanlon primarily worked in the field within his assigned region and not at the Hoffman Estate headquarters. Nonetheless, Sears' Vice President and General Manager Rudy Mazak stated in his declaration that Sears' Illinois headquarters maintains its files and servers and Sears alleges that Hanlon had access these files and servers. (R. 32-1, 8/21/19 Decl. ¶ 4.) Again, Sears does not link Hanlon's Illinois contacts to any specific injury. Similarly, the only allegation that Hanlon was directly soliciting Sears dealers in

Illinois is that he contacted a Sears dealer and invited her to a meeting in Chicago, but there are no allegations any such meeting occurred.

Under these allegations and averments, Sears has failed in its burden to establish a link between Beck's and Hanlon's conduct in Illinois and litigation-specific activity, namely, that Beck's and Hanlon's solicitation of Sears dealers in Illinois resulted in dealers leaving to join Nationwide's network. *Lexington Ins. Co. v. Hotai Ins. Company, Ltd.,* ---F.3d ----, 2019 WL 4309090, at *3 (7th Cir. Sept. 12, 2019) ("plaintiff's alleged injury must have arisen out of the defendant's forum-related activities"); *Felland v. Clifton,* 682 F.3d 665, 676 (7th Cir. 2012) ("Even where a defendant's conduct is purposefully directed at the forum state, the plaintiff must also show that his injury 'arises out of' or 'relates to' the conduct that comprises the defendant's contacts.").

In its response brief, Sears relies on the "effects test" and argues that Nationwide purposely aimed its intentional conduct at Illinois and knew the effects of its conduct would result in Sears' injuries in Illinois. In *Walden*, the Supreme Court narrowed the "effects test" by explaining "[r]egardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id.* at 290. Accordingly, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* Since *Walden*, the Seventh Circuit has emphasized "[k]nowing about a potential for harm in a particular state is not the same as acting in that state—and it takes the latter to permit personal jurisdiction under state law." *Ariel Inv.,* 881 F.3d at 522; *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 802 (7th Cir. 2014). Based on controlling precedent, Sears argument that Nationwide aimed its conduct at Illinois and knew Sears would be injured in Illinois does not establish a prima facie case of specific personal jurisdiction.

**Conclusion**

Based on the foregoing, the Court grants defendant's Rule 12(b)(2) and dismisses this lawsuit in its entirety because the Court does not have personal jurisdiction to adjudicate plaintiff's claims against defendant. [18].

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 10/9/2019